IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-81,497-01




EX PARTE CARLOS HEREDIA CHAVEZ, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 20080D06291-346-1 IN THE 346TH DISTRICT COURT
FROM EL PASO COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
kidnapping and sexual assault. He was sentenced to ten years’ imprisonment on each count. He did
not appeal his convictions.
            Applicant contends that he was denied the opportunity to accept a seven-year plea offer. 
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 668 (1984); Missouri v. Frye, 132 S. Ct. 1399 (2012). In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact. The trial court shall order the prosecutor and
trial counsel to respond to Applicant’s claim. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall determine whether the State made an offer of seven years, counsel timely
conveyed the offer to Applicant, and Applicant told counsel he would accept the offer. The trial
court shall also determine whether there is a reasonable probability that Applicant would have
accepted the offer and that neither the State nor the trial court would have prevented the offer from
being accepted or implemented. See Frye, 132 S. Ct. at 1410 (2012). The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: June 18, 2014
Do not publish